## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## CAMPBELL "66" EXPRESS, INC., Respondent.

No. 79–1196.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 29, 1979.

Decided Nov. 15, 1979.

Barbara Kraft, NLRB, Washington, D.C., for petitioner.

Leonard R. Kofkin, Chicago, Ill., for respondent.

Before SWYGERT and WOOD, Circuit Judges, and ACKERMAN, District Judge.[1]

PER CURIAM.

Petitioner National Labor Relations Board ("the Board") applies for enforcement of its order affirming the decision of the Administrative Law Judge ("ALJ") that respondent Campbell "66" Express, Inc. ("the Company") violated sections 8(a)(1) and (3) of the National Labor Relations Act, as amended, 29 U.S.C. §§ 158(a)(1) and (3), by threatening to lay off or discharge and subsequently discharging employee Wayne Darnell for protected activities. We conclude that the record does not contain substantial evidence that the threat was made or that Darnell's discharge was discriminatorily motivated. Enforcement of the Board's order is therefore denied.

The ALJ found significant portions of Darnell's testimony not credible and contradictory. In addition, Darnell lied about his former employment on his application

---

1. The Honorable J. Waldo Ackerman, United States District Judge for the Central District of Illinois, sitting by designation.

with respect to four former employers, and the record is replete with evidence that he falsified work reports. Darnell's testimony about the alleged threats made by Jack Patt is uncorroborated and denied by Patt. Further, Darnell did not report that he was so threatened or file a grievance until two months later and only in conjunction with the grievance he was then filing concerning his discharge. In these circumstances, we conclude that Darnell's testimony that the threats were made does not constitute substantial evidence. *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951).

■ According to the ALJ, Patt's statement that Darnell should come to him before going to the union was itself a threat considered in the context of the alleged threat of discharge or layoff. Since we have decided that there is no substantial evidence of the threat of discharge or layoff, Patt's statement is not a violation.

The evidence of anti-union animus in Darnell's discharge is also not substantial both in itself and together with the more than ample evidence that Darnell was discharged for other reasons. The record shows that the union and company representatives enjoyed a respectful and amicable working relationship. There is nothing to indicate otherwise. Darnell's only union activities consisted of filing two grievances, and the first was dropped by everyone within days. These actions were insignificant when compared to Darnell's serious transgressions of stealing time from the Company and failing to report for work. The record also contains substantial evidence that he was stealing parts from the Company. When Patt learned that Darnell had falsified his employment application concerning former employment and heard the totally derogatory reports of his former employers, he had good reason to discharge Darnell.[2] As the Fourth Circuit has stated:

[W]hen an employer demonstrates . . . that it had a good ground for the discharge of an employee apart from any antiunion animus or activity, it is not. sufficient to establish a violation of the Act for the Board to declare that the discharge was "pretextual." . . .

" '. . . When good cause for [the] criticism or discharge appears, the burden which is on the Board is not simply to discover some evidence of improper motive, but to find an affirmative and persuasive reason why the employer rejected the good cause and chose a bad one.' "
"Were the rule otherwise, any employee who had been guilty of conduct warranting discharge could protect himself by openly engaging in Union activities, and run for luck . . . ."

*Firestone Tire & Rubber Co. v. NLRB*, 539 F.2d 1335, 1337 (4th Cir. 1976) (citations and footnotes omitted).

In *Borek Motor Sales, Inc. v. NLRB*, 425 F.2d 677, 681 (7th Cir.), *cert. denied*, 400 U.S. 823, 91 S.Ct. 45, 27 L.Ed.2d 52 (1970), cited by the Board, this court found the evidence "less than convincing" that the employee's job performance was unsatisfactory. Here that evidence is more than convincing, and there is no substantial evidence of anti-union animus. Enforcement is denied.

---

2. The Company's employment application contained the following language in bold-face type:
   **I FULLY AND DEFINITELY UNDERSTAND AND AGREE THAT ANY FALSE STATEMENT OR MISREPRESENTATION HEREIN WILL JUSTIFY AND MAY CAUSE MY DIS-** **MISSAL FROM THE SERVICE, REGARDLESS OF WHEN ANY STATEMENT MAY BE FOUND TO BE FALSE OR A MISREPRESENTATION.**
   Darnell signed the application form on the page where the above language appeared.